## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MELISSA BOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-00143-JAR |
| | ) |
| SAKS FIFTH AVENUE, LLC, | ) |
| | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT SAKS FIFTH AVENUE, LLC

## ANSWER

Defendant Saks Fifth Avenue, LLC ("Defendant") hereby answers or otherwise responds to Plaintiff's Petition (hereafter, "Complaint") as follows:

### COUNT I
### AGE DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

1. Defendant admits only that Plaintiff is a female born in 1956. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's residency and, therefore, deny that allegation. Defendant denies the remaining allegations in paragraph 1 of the Petition.

2. Defendant admits that throughout the time Plaintiff was employed by Defendant, Defendant was registered to conduct business in Missouri and conducted business in St. Louis County, Missouri. Defendant is without knowledge or information sufficient to form a belief as to the meaning of the phrase "at all relevant times herein" and, therefore, deny that allegation. Defendant denies the remaining allegations in paragraph 2 of the Petition.

3. Defendant admits that throughout the time Plaintiff was employed by Defendant, Defendant employed six or more persons within Missouri. Defendant is without knowledge or

information sufficient to form a belief as to the meaning of the phrase "at all relevant times herein" and, therefore, deny that allegation.  The remaining allegations in paragraph 3 contain conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations in paragraph 3 of the Petition.

4. Defendant admits only that Plaintiff was assigned to work at Defendant's retail store located in St. Louis County, Missouri.  Defendant is without knowledge or information sufficient to form a belief as to the meaning of the phrase "at all relevant times herein" and, therefore, deny that allegation.  Defendant expressly denies that any "claim arose" with respect to Plaintiff and denies the remaining allegations in paragraph 4 of the Petition.

5. Defendant admits the allegations in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

7. Defendant admits only that Plaintiff was responsible for, among other things, increasing jewelry sales and managing a team of Sales Associates.  Defendant denies the remaining allegations in paragraph 7.

8. Defendant admits only that jewelry sales improved during the time Plaintiff was employed by Defendant.  Defendant states it is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 8 and, therefore, denies the same.

9. Defendant denies the allegations in paragraph 9.

10. Defendant admits only that the Jewelry Department's sales surpassed the sales goal established by Saks for the fall 2017 selling season.  Defendant states it is without knowledge or information sufficient to form a belief as to the precise monetary amounts and percentages alleged by Plaintiff in paragraph 10 and, therefore, denies the same.  Defendant denies the remaining allegations in paragraph 10.

11. Defendant admits Plaintiff was recognized from time to time during her employment for the areas in which she performed well, including in her performance appraisals. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff received a Best Overall Achievement Award in 2012 and, therefore, denies the same. Defendant denies the remaining allegations in paragraph 11 of the Petition.

12. Defendant states it is without knowledge or information sufficient to form a belief as to whether Plaintiff received a "Silver Star award" at some point during her employment with Saks and, therefore, denies paragraph 12.

13. Defendant states that to the extent Plaintiff received an email from Larry Bruce, Executive Vice-President of Stores, in or about September 2016, the document speaks for itself. Defendant denies any additional or inconsistent allegations in paragraph 13 of the Petition.

14. Defendant admits Plaintiff received monetary bonuses as part of her overall compensation plan. Plaintiff denies the remaining allegations in paragraph 14 of the Petition.

15. Defendant admits the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant admits only that Crystal Faye Schlechta was employed by Defendant in the position of Office Manager for approximately three months in early 2018. Defendant denies the remaining allegations in paragraph 17 of the Petition.

18. Defendant admits Shuwen Zou was assigned as a Fifth Avenue Club Sales Associate in or about December 2017 and that Zou's duties in that role include providing a personal shopping experience for Saks' customers. Defendant denies the remaining allegations in paragraph 18 of the Petition.

19. Defendant admits the allegations in paragraph 19.

20. Defendant admits only that a male was hired into the position of Shoe Sales Manager at its St. Louis location in or about late summer 2018. Defendant denies the remaining allegations in paragraph 20.

21. Defendant admits only that a number of personnel changes occurred after Ryan Jay became the General Manager of Defendant's St. Louis store, including the termination, retirement, transfers and hirings alleged in paragraph 21 of the Petition. Defendant denies that Ryan Jay was intentionally "replacing older workers with younger ones" as alleged in paragraph 21 and denies the remaining allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant admits the allegations in paragraph 28.

29. Defendant admits only that Ryan Jay was involved in the decision to terminate Plaintiff's employment. Defendant denies that he was the only person involved in the decision.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant admits the allegations in paragraph 33.

34. Defendant admits only that the Missouri Commission on Human Rights issued a Notice of Right to Sue letter to Plaintiff on October 1, 2018, and that Plaintiff's Petition was filed

within 90 days of that date.  Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff received the Notice of Right to Sue letter and, therefore, denies that allegation.  Defendant expressly denies it engaged in any discriminatory act and denies the remaining allegations in paragraph 34 of the Petition.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief whatsoever, including the relief sought in the prayer for relief set forth in an unnumbered paragraph of the Petition.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant denies each and every allegation, count, claim and prayer of Plaintiff's Petition which is not expressly and specifically admitted in this Answer.

2. Plaintiff's claims are barred because the allegations and denials set forth in the pleadings fail to state a claim against Defendant upon which relief can be granted.  Defendant incorporates its factual statements in the remainder of these common and affirmative defenses as if fully set forth in this paragraph.

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with all statutory, jurisdictional and/or procedural requirements under the Missouri Human Rights Act in that Plaintiff failed to exhaust her administrative remedies to the extent she now seeks to assert claims exceeding the scope of the allegations contained in her Charge of Discrimination and/or to the extent she alleges conduct occurring outside the applicable limitations period.

4.      Plaintiff's claims are barred, in whole or in part, because any employment decisions made by Defendant were not based on any protected characteristic, but were made for independent, legitimate, non-discriminatory business reasons related to Plaintiff's performance and workplace conduct.

5.      Plaintiff's claims are barred, in whole or in part, because Defendant made available to Plaintiff adequate reporting procedures and other measures designed to prevent and/or address any discriminatory or harassing conduct (the existence of which Defendant expressly denies), yet Plaintiff failed to avail herself of any such procedures or other measures.

6.      Plaintiff's claims for damages are barred, in whole or in part, because any psychological problems or emotional distress Plaintiff claims to suffer are the result of other causes unrelated to Defendant.

7.      Plaintiff's claims for damages are barred, in whole or in part, because Defendant exercised reasonable care and acted in good faith in its efforts to comply with applicable laws prohibiting harassment, discrimination and retaliation in employment.

8.      Plaintiff's claims for damages are barred, in whole or in part, because any actions taken by Defendant were taken entirely without malice and with the good-faith belief that the actions were in compliance with the applicable laws at all times.

9.      Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages.  Alternatively, in the event of a determination of any violation of law (which Defendant absolutely denies), Defendant would be entitled to reduce any back pay allegedly owed to Plaintiff by the amount of Plaintiff's interim earnings and/or amounts that could or should have been earned with reasonable diligence.

10. Plaintiff's claims for damages are barred, in whole or in part, to the extent any alleged damages exceed the statutory damages caps set forth in the Missouri Human Rights Act, Section 213.111, R.S.Mo.

11. Plaintiff's claim for punitive damages are barred by the Missouri and United States Constitutions because the asserted standard for entitlement to punitive damages is vague and arbitrary and the procedure for the assessment of punitive damages violates Defendant's rights to due process of law, to equal protection of law, to the right to be free from unlawful taking of property, to the right to be free of excessive fines, and to all other substantive and procedural protections of the Constitution applicable to punitive damages.

12. Plaintiff's claims are frivolous and entitle Defendant to an order requiring Plaintiff to pay Defendant's reasonable attorneys' fees and expenses incurred in defense of this action.

13. Defendant reserves the right to assert each and every other affirmative defense which is identified during further proceedings.

WHEREFORE, Defendant Saks Fifth Avenue, LLC, respectfully requests that this Court find Plaintiff's allegations in her Petition to be without merit, that the Complaint be dismissed in its entirety with prejudice, that judgment be entered in Defendant's favor and against Plaintiff, and that this Court award Defendant its reasonable attorneys' fees and costs and such other relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Melody L. Rayl*
Melody L. Rayl		MO Bar No. 60362
Jessie F. Bustamante	MO Bar No. 62895
**FISHER & PHILLIPS LLP**
4900 Main Street, Suite 650
Kansas City, MO 64112
Phone:  (816) 842-8770
Facsimile:  (816) 842-8767
Email:  mrayl@fisherphillips.com
Email:  jbustamante@fisherphillips.com

ATTORNEYS FOR DEFENDANT
SAKS FIFTH AVENUE, LLC

**CERTIFICATE OF SERVICE**

I certify on this 6th day of February, 2019 that a true and correct copy of the above and foregoing document was filed using the Court's CM/ECF system which will automatically send electronic notice of filing to the following:

Benjamin F. Westhoff
Donna L. Harper
SEDEY HARPER WESTHOFF, P.C.
2711 Clifton Avenue
St. Louis, MO 63139
Phone:  (314) 773-3566
Facsimile:  (314) 773-3615
Email: bwesthoff@sedeyharper.com
Email: dharper@sedeyharper.com

ATTORNEYS FOR PLAINTIFF

*/s/  Melody L. Rayl*
Attorney for Defendant

8